### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNA WEICK,<br><br>    Plaintiff,<br><br>v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>    Defendant. | Civil Action No. 1:25-cv-13123<br><br>REMOVED FROM THE SUPERIOR COURT OF MIDDLESEX COUNTY, COMMONWEALTH OF MASSACHUSETTS<br>CASE NO. 2581CV02269 |

## NOTICE OF REMOVAL

Pursuant to Title 28 U.S.C. §§ 1331, 1441, and 1446 and Local Rule of Civil Procedure 81.1 of the United States District Court for the District of Massachusetts, Defendant, President and Fellows of Harvard College ("Harvard" or "Defendant"), hereby files this Notice of Removal with respect to the above-captioned case, *Anna Weick v. President and Fellows of Harvard College*, which is currently pending in the Superior Court of Middlesex County, Civil Action No. 2581CV02269.

In support of this Notice of Removal, Harvard states:

### PROCEEDINGS IN STATE COURT

1. On September 17, 2025, Plaintiff Anna Weick ("Weick" or "Plaintiff") filed a class action complaint (herein after the "Complaint") in the Superior Court of Massachusetts, Middlesex County, captioned *Anna Weick v. President and Fellows of Harvard College*, Docket No. 2581CV02269 (the "State Court Action").

2. The Complaint was served on Harvard on September 25, 2025. A copy of all "process, pleadings and orders" received by Defendant in the state court action is attached as attached hereto as Exhibit A. *See* 28 U.S.C. § 1446(a).

3.  In the Complaint, Weick alleges that Harvard violated the Massachusetts Wage Act, M.G.L. c. 149, § 148 (the "Wage Act") by failing to pay employees for their unused "personal time" upon separation from employment. Compl. ¶ 1.

4.  Specifically, Weick alleges that she was employed by Harvard from August 23, 2021 until June 20, 2025; that at the beginning of every year she received 21 hours of personal time to be used during or forfeited at the end of the calendar year; that there were no restrictions on the purpose for which she could use personal time; and that her unused personal time was not paid out at the end of her employment. Compl. ¶¶ 10-11, 14, 19-20. Weick further alleges that Harvard's practice of not paying out personal time at the end of employment is unlawful because personal time is a wage under the Wage Act. *Id.* ¶¶ 43. Weick brings this action on behalf of herself and a purported class of similarly situated former Harvard employees. *Id.* ¶¶ 24-25.

5.  Weick was a member of the Harvard Union of Clerical and Technical Workers ("HUCTW" or the "Union"), and she seeks to represent a class that would include additional HUCTW members. Compl. ¶¶ 18, 24-27.

## TIMELINESS OF REMOVAL

6.  This Notice of Removal is timely because it is filed within 30 days of the service on Harvard on September 25, 2025. 28 U.S.C. § 1446(b)(3); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

## JURISDICTION

7.  Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

8. Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9. Removal of this case is proper pursuant to 28 U.S.C. § 1331 because it presents a federal question under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. In her Complaint, Weick alleges that Harvard deprived her of wages by withholding payment of unused personal time at the termination of her employment. Compl. at ¶ 22. Weick further alleges that Harvard's "paid time off policies" apply to "administrative and professional staff; overtime eligible, non-bargaining unit staff, and employees covered by HUCTW." *Id.* ¶ 17. Weick affirmatively alleges that she "was a member of the HUCTW union." *Id.* at ¶ 18.

10. Although the presence or absence of federal question jurisdiction generally is governed by the "well pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint, the doctrine of complete preemption exists as an "independent corollary to the well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this doctrine, "if a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law," *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 24 (1983), such that "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

11. Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, has been held to possess this preemptive force. *See Franchise Tax Bd.*, 463 U.S. at 23. Thus, "[i]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is pre-empted." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S.

3

399, 405-06 (1988). Substantive federal principles permit removal under federal question jurisdiction where at least one of a plaintiff's claims is preempted by § 301. *Id.* at 406, n.5; *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985). In the First Circuit, "[i]t is well-established that § 301 completely preempts a state law claim if the resolution of the claim necessitates analysis of, or substantially depends on the meaning of, a collective bargaining agreement." *Quesnel v. Prudential Ins. Co.*, 66 F.3d 8, 10 (1st Cir. 1995).

12.   Thus, state law wage and hour claims are preempted if their resolution depends on the analysis of the terms of the collective bargaining agreement. *See Rose v. RTN Fed. Credit Union,* 1 F.4th 56, 62 (1st Cir. 2021) (affirming denial of motion to remand because "any claim that entails a court 'determining what (if anything) is owed' to an employee who is within a bargaining unit will almost always 'depend[ ] at least arguably on interpretations and applications of the collective bargaining agreement at issue'"); *Mitchell v. Globe Newspaper Co.*, 602 F. Supp. 2d 258, 259 (D. Mass. 2009) (holding that Wage Act claim alleging failure to compensate employees for earned vacation pay was preempted by § 301 because the claim was dependent on the vacation pay provision in the collective bargaining agreement); *Rueli v. Baystate Health, Inc.*, 835 F.3d 53, 62 (1st Cir. 2016) (affirming the dismissal of employees' Wage Act claims because the claims plausibly would require interpretation of the collective bargaining agreement).

13.   Here, Weick was a member of a bargaining unit whose terms and conditions of employment are governed by a collective bargaining agreement (the "CBA") between Harvard and HUCTW, attached hereto as <u>Exhibit B</u>. Harvard and the Union are also parties to a negotiated Personnel Manual (the "Manual") which supplements and is incorporated into the CBA, attached hereto as <u>Exhibit C</u>. As the Manual itself explains, it was negotiated between the University and the Union and is intended as an adjunct to the CBA.

14. The Manual and the CBA establish the terms and conditions for the granting, proration, and use of personal time for Union-represented employees:

- The Paid Time Off Section of the Manual establishes several different types of paid leave, including vacation, personal days and sick time.

- Both the Manual and the CBA include language about how personal time is acquired.

- Personal time can be used, for example, for religious observances, to supplement paid leave time during a parental leave, or in the event of unforeseen emergency.

- The Manual states that "[e]mployees leaving the University will not be paid for their unused personal days."

15. The Manual includes a grievance and arbitration provision which provides for the resolution of disputes relating to the interpretation of terms in the Manual and the CBA.

16. Accordingly, Weick's claim that Harvard failed to pay out unused personal time upon her termination cannot be resolved without interpreting the CBA and the Manual. Because the underlying issues raised by Weick's Wage Act claim require an interpretation of a labor agreement, Weick's claim is preempted by § 301. As a result, this Court has federal question jurisdiction of this case under 28 U.S.C. § 1331.

17. Therefore, this case is properly removable to this Court under 28 U.S.C. § 1441.

## **VENUE AND NOTICE**

18. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 101, this Court embraces the Middlesex Superior Court, Commonwealth of Massachusetts. Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

19. Prompt written notice of this Notice of Removal has been sent to Plaintiff through her counsel, and to the Clerk of Court for Middlesex Superior Court, Commonwealth of

5

Massachusetts, as required by 28 U.S.C. § 1446(d).  A copy of this notice is attached hereto as Exhibit D.

## **CONCLUSION**

20.     Based on the foregoing, this Court has original jurisdiction over this action because this action arises under federal law under 28 U.S.C. § 1331. Therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

21.     Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages she seeks may be properly sought).

22.     Should Plaintiff seek to remand this case to state court, Defendant respectfully asks that they be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Defendant respectfully requests that the Court retain jurisdiction and allow Defendant to file a motion asking this Court to certify any remand order for interlocutory review by the First Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

> WHEREFORE, Defendant request that the above-described action pending against them be removed to the United States District Court for the District of Massachusetts. Defendant also requests all other relief, at law or in equity, to which they are entitled.

DATED: October 24, 2025                     Respectfully submitted,

                                                    By Its Attorneys,

                                                    By: */s/ Molly C. Mooney*
                                                    Robert A. Fisher (BBO# 643797)
                                                    rfisher@seyfarth.com
                                                    Barry J. Miller (BBO# 661596)
                                                    bmiller@seyfarth.com
                                                    Molly C. Mooney (BBO# 687812)
                                                    mmooney@seyfarth.com
                                                    SEYFARTH SHAW LLP
                                                    Seaport East
                                                    Two Seaport Lane, Suite 1200
                                                    Boston, Massachusetts 02210-2028
                                                    Telephone:   (617) 946-4800
                                                    Facsimile:    (617) 946-4801

## CERTIFICATE OF SERVICE

      I hereby certify that on October 24, 2025, a true copy of the forgoing document was electronically filed through the Court's ECF system. Paper and electronic copies were served on the plaintiff as follows:

| | |
|---|---|
| Francis J. Bingham | Raymond Dinsmore, Esq |
| Francis.bingham@binghamhopkins.com | rdinsmore@hayberlawfirm.com |
| Brook Hopkins | Richard E. Hayber, Esq |
| Brook.hopkins@binghamhopkins.com | rhayber@hayberlawfirm.com |
| Bingham Hopkins LLC | Ryan B. Guers, Esq. |
| 20 University Road, Suite 500 | rguers@hayberlawfirm.com |
| Cambridge, MA 02138 | Hayber, McKenna, & Dinsmore, LLC |
| | One Monarch Place, Suite 1340 |
| | Springfield, MA 01144 |

                                                    */s/ Molly C. Mooney*
                                                    Molly C. Mooney