Exhibit A

# Exhibit A

# BH | BINGHAM HOPKINS

Francis J. Bingham
Brook Hopkins
Co-Managing Partners
Bingham Hopkins LLC
20 University Road, Suite 500
617.798.2303
Francis.Bingham@binghamhopkins.com

**VIA PROCESS SERVER**

September 24, 2025

Office of the General Counsel
Harvard University
1350 Massachusetts Ave, Suite 980
Cambridge, Massachusetts 02138

Re:    **Anna Weick v. President and Fellows of Harvard College**
       **Middlesex County Superior Court No. 2581CV02269**

To Whom It May Concern:

Our firm, and the firm of Hayber, McKenna & Dinsmore, represent Anna Weick in connection with her lawsuit against President and Fellows of Harvard College for failing to pay her personal time upon termination of employment.

Enclosed please find the following documents:

1. Class Action Complaint and Jury Demand
2. Superior Court Summons
3. Tracking Order from the Middlesex County Superior Court
4. Plaintiff's First Set of Interrogatories
5. Plaintiff's First Requests for Production of Documents
6. The Court's order allowing a motion to appoint Desrosiers & Associates as a special process server

Sincerely,

*F J Bingham*

Francis J. Bingham

Date Filed 9/17/2025 10:32 AM
Superior Court - Middlesex
Docket Number

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT

ANNA WEICK,

        Plaintiff

    v.

PRESIDENT AND FELLOWS OF
HARVARD COLLEGE,

        Defendant.

CIVIL ACTION NO.

NH    RECEIVED

9/17/2025

## CLASS ACTION COMPLAINT AND JURY DEMAND

### OVERVIEW

1.     Massachusetts employers must pay their employees all wages, including the cash value of their accrued but unused vacation time, upon separation from employment. *See* M.G.L. c. 149 § 148. Vacation time is considered a "wage" for purposes of the Massachusetts Wage Act because "it can be used for time away from work for any reason." *Tze-Kit Mui v. Mass. Port Auth.*, 478 Mass. 710, 713 (2018) (contrasting vacation time with other forms of paid time off, such as "sick time," that are not considered "wages" because their "usage is conditional.") The President and Fellows of Harvard College ("Harvard") maintains a policy and practice of providing certain employees with paid time off designated as "personal time" which can be used for time away from work for any reason. However, Harvard does not pay employees for their unused personal time upon separation from employment as required by the Wage Act. As a result, Harvard has kept for itself millions of dollars that should have been paid to its former employees as wages.

Date Filed 9/17/2025 10:32 AM
Superior Court - Middlesex
Docket Number

2.      This action is brought by Plaintiff Anna Weick, who was employed at Harvard University from August 23, 2021 until her termination on June 20, 2025. At the end of Ms. Weick's employment, Harvard paid her for unused vacation time, but it did not pay her for unused personal time. Ms. Weick, on her own behalf and on behalf of all similarly situated former employees, seeks compensation for her unpaid personal time wages in violation of the Massachusetts Wage Act, statutory enhancement of damages for the late payments, attorneys' fees and costs, and injunctive relief.

## PARTIES

3.      Anna Weick ("Ms. Weick") is a resident of Ashburnham, Massachusetts, who was employed at Harvard University from August 23, 2021 to June 20, 2025.

4.      Ms. Weick brings this action on her own behalf and on behalf of all others similarly situated, pursuant to M.G.L. c. 149 § 150 and Mass R. Civ. P. 23. Ms. Weick seeks to represent a class of former employees of Harvard University whose employment ended in the statutory period and were not paid for their unused personal time.

5.      The President and Fellows of Harvard College ("Harvard") is the governing body of Harvard University, an institution of higher education located in Cambridge, Massachusetts.

## JURISDICTION AND VENUE

6.      Under M.G.L. c. 212, § 3, the Superior Court has jurisdiction because the plaintiff is likely to recover more than $50,000 for herself and the proposed class. Pursuant to the Massachusetts Wage Act, Plaintiff first filed her complaint with the Massachusetts Attorney General and obtained a private right of action before filing this complaint.

7.      M.G.L. c. 149, § 150 authorizes an individual aggrieved by a violation of the Wage Act to file a civil action in court on her own behalf and for others similarly situated.

Date Filed 9/17/2025 10:32 AM
Superior Court - Middlesex
Docket Number

8.      Before filing this Complaint, Ms. Weick received authorization from the Massachusetts Office of the General, Fair Labor Division, to seek recovery against Defendant for unpaid wages.

9.      Venue is appropriate in Middlesex County Superior Court pursuant to M.G.L. c. 223, § 1 and 2 because Harvard University is located in Middlesex County and because the acts that gave rise to this dispute took place in Middlesex County.

## FACTUAL ALLEGATIONS

10.     Ms. Weick was employed by Harvard University from August 23, 2021, until her termination of employment on June 20, 2025.

11.     At the beginning of every year, including 2025, Ms. Weick earned three paid personal days, the equivalent of 21 hours, to be used at her discretion or forfeited at the end of the year.

12.     Under Harvard's policy and practice, paid personal time may be used for any purpose and are not connected to any specific contingencies, such as sickness, bereavement, jury duty, or similar issues.

13.     Ms. Weick and other similarly situated employees are not required to document or prove an approved reason for the use of personal time, as with sick time. Instead, as with vacation time, personal time "can be used for time away from work for any reason."

14.     Neither Harvard nor Ms. Weick's supervisor put any restrictions on the purpose for which she could use personal time. Ms. Weick's supervisor never denied her request to use personal time.

15.     Ms. Weick used her personal time for a variety of reasons, including to take or extend vacations. For example, on Friday November 12, 2021, Ms. Weick used personal time to

Date Filed 9/17/2025 10:32 AM
Superior Court - Middlesex
Docket Number

spend a long weekend in the Hudson Valley. And in July of 2022, Ms. Weick used personal time to extend the Fourth of July holiday so she could travel to Chicago to visit her brother. Similarly, in June of 2023, she combined her personal time with her vacation time to spend the week in Martha's Vineyard. Ms. Weick also used her personal time to rest her foot after an injury and to assist community members on Election Day.

16.    According to Harvard's Human Resources website, personal time is offered for the purpose of providing "additional flexibility in balancing work and life." https://hr.harvard.edu/paid-time-leaves.

17.    Harvard's Human Resources website also states that its "paid time off policies," including its personal time policy, applies to "administrative and professional staff; overtime eligible, non-bargaining unit staff; and employees covered by HUCTW." https://hr.harvard.edu/paid-time-leaves.

18.    Ms. Weick was a member of the HUCTW union. Accordingly, Harvard's Human Resources paid time off policy applied to her.

19.    Upon termination, Ms. Weick had 280 hours of accrued paid vacation time and 21 hours of accrued paid personal time.

20.    Ms. Weick received her final payment from Harvard on June 20, 2025. Harvard paid Ms. Weick for her accrued paid vacation time but, consistent with its uniform policy, did not pay her for her accrued paid personal time. Instead, Harvard kept the money equivalent of that paid personal time for itself.

21.    Harvard had and continues to have a policy and practice of withholding payment of wages for unused paid personal time at the end of employment.

Date Filed 9/17/2025 10:32 AM
Superior Court - Middlesex
Docket Number

22.    By withholding payment of accrued paid personal time wages at the end of employment, Harvard deprived Ms. Weick and other similarly situated former employees of their wages under M.G.L. c. 149 § 148.

23.    Pursuant to M.G.L. c. 149 § 150, Ms. Weick filed a complaint with the Office of the Massachusetts Attorney General, which subsequently issued a letter authorizing her to bring a private action.

## CLASS ALLEGATIONS

24.    Ms. Weick brings this action on behalf of herself and other former Harvard employees who are similarly situated to her ("Unpaid Personal Time Class").

25.    The Unpaid Personal Time Class is defined as: All former Harvard employees who were not paid for their unused paid personal time when their employment at Harvard ended during the statutory period up to and including the present and continuing until Harvard changes its policy and begins paying personal time in accordance with the Wage Act or through the date of judgment in this matter.

26.    Pursuant to M.G.L. c. 149 § 150, Ms. Weick is similarly situated to the members of the Unpaid Personal Time Class because she was subject to Harvard's policy and practice of withholding payment of unpaid personal time wages at the end of employment.

27.    Although not all Harvard employees received paid personal time as a benefit of employment, the employees who receive it are uniformly denied payment of those wages upon termination under Harvard's Human Resources paid time off policy.

28.    The scope of the class can be easily and objectively discerned through Harvard's personnel and pay records.

29.    The proposed class Ms. Weick seeks to represent satisfies the requirements of Rule

Date Filed 9/17/2025 10:32 AM
Superior Court - Middlesex
Docket Number

23 of the Massachusetts Rules of Civil Procedure.

30.     The Unpaid Personal Time Class is so numerous that joinder of all members is impracticable. Upon information and belief, there are dozens if not hundreds of former employees whose employment at Harvard ended without payment of accrued personal time wages. It would be impracticable to enlist every former Harvard employee whose personal time wages were withheld to join this lawsuit on an individual basis.

31.     There are questions of law and fact common to the class. Ms. Weick and the other class members were all subject to the same unlawful practice, which resulted in the withholding of unpaid personal time wages in violation of M.G.L. c. 149 § 148.

32.     Ms. Weick's claim, as the representative plaintiff, is typical of the claims of the class as a whole because she and members of the proposed class were subject to the same Human Resources paid time off policy of withholding personal time wages at the end of employment.

33.     Ms. Weick will fairly and adequately protect the interests of the class. She has retained attorneys who are qualified and experienced to effectively represent the class's interests.

34.     Questions of law or fact common to the Unpaid Personal Time Class predominate over questions affecting only individual members, including whether Harvard's withholding of personal time wages at the end of employment violates the Wage Act.

35.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Given the common questions of law and fact involved in the personal time wage practice at issue, the aggregation of individual claims into a class action is far superior to, and more efficient than, requiring individuals to litigate claims in separate lawsuits. Bringing this action as a class action will also prevent duplicative lawsuits being filed in other courts, which would impose an unnecessary burden on the court system as a whole.

Date Filed 9/17/2025 10:32 AM
Superior Court - Middlesex
Docket Number

## COUNT I

## VIOLATION OF M.G.L. C. 149 § 148 (THE MASSACHUSETTS WAGE ACT)

36.    Ms. Weick incorporates the foregoing allegations by reference.

37.    Massachusetts General Laws chapter 149 § 148 requires that "any employee leaving his employment shall be paid in full on the following regular pay day, and, in the absence of a regular pay day, on the following Saturday; and any employee discharged from such employment shall be paid in full on the day of his discharge." Section 148 does not define "wages" but does specify that they include any "holiday or vacation payments due to an employee under an oral or written agreement."

38.    Any qualifying wages that are not paid according to § 148 are deemed late and subject to treble damages under M.G.L. c. 149 §150.

39.    Massachusetts courts have recognized that paid time off, personal days, and other paid time off benefits similar to vacation are considered wages that must be paid upon termination of employment.

40.    Unlike sick time, personal time is considered a wage because it "can be used for time away from work for any reason." *Tze-Kit Mui v. Mass. Port Auth.*, 478 Mass. 710, 713 (2018).

41.    When her employment ended on May 16, 2025, Ms. Weick had accrued unused paid personal days. In her last paycheck, Ms. Weick received wages from her unused vacation time, but she did not receive wages for her unused personal time in violation of § 148.

42.    Pursuant to its policy and practice, Harvard also did not pay other members of the Unpaid Personal Time Class for their accrued personal time wages upon termination. Instead, Harvard withheld those wages for its own coffers.

43.    Harvard's practice of refusing to pay for personal time wages at the end of

Date Filed 9/17/2025 10:32 AM
Superior Court - Middlesex
Docket Number

employment violates the Wage Act. Those personal time wages remain unpaid and are, accordingly, outstanding late wage payments under the Wage Act.

44.     Ms. Weick and other Unpaid Personal Time Class members are entitled to payment of their unpaid personal time wages in addition to treble damages as liquidated damages for violating the Wage Act as described above.

45.     Ms. Weick brings this claim individually and for all others similarly situated pursuant to M.G.L. c. 149, §§ 148, 150, and Mass R. Civ. P. 23.

**WHEREFORE**, the plaintiff requests that the Court enter judgment against Defendant President and Fellows of Harvard College, and award the following relief:

1.      Certify this action as a class action pursuant to Mass. R. Civ. P. 23;

2.      Appoint the plaintiff and the undersigned counsel as class representatives for the Unpaid Personal Time Class;

3.      Award Plaintiff and all others similarly situated the full amount of their accrued paid personal time wages;

4.      Award treble damages for all late personal time wages;

5.      Award pre- and post-judgment interest, to the extent appropriate;

6.      Award attorneys' fees and costs;

7.      Award Plaintiff a service award;

8.      Issue a preliminary and permanent injunction prohibiting Harvard from continuing its unlawful practice of withholding personal time wages at the end of employment; and

9.      Any such other relief that the Court deems just.

Date Filed 9/17/2025 10:32 AM
Superior Court - Middlesex
Docket Number

## JURY DEMAND

Plaintiff, on behalf of herself and others similarly situated, demands a trial by jury.

Respectfully submitted,

ANNA WEICK, individually and for all others similarly situated,

By her attorneys,

*/s/ Francis J. Bingham*
Francis J. Bingham (BBO No. 682502)
Brook Hopkins (BBO No. 683871)
Bingham Hopkins LLC
20 University Road, Suite 500
Cambridge, MA 02138
Telephone: (617) 798-2302
Francis.Bingham@binghamhopkins.com
Brook.Hopkins@binghamhopkins.com

*/s/ Raymond Dinsmore*
Raymond Dinsmore, Esq. (BBO No. 667340)
Richard E. Hayber, Esq. (BBO No. 569131)
Ryan B. Guers, Esq. (BBO No. 713870)
Hayber, McKenna, & Dinsmore, LLC
One Monarch Place, Suite 1340
Springfield, MA 01144
Telephone: (413) 785-1400
rdinsmore@hayberlawfirm.com
rhayber@hayberlawfirm.com
rguers@hayberlawfirm.com

Dated: September 17, 2025

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2581 CV 02269

_Anna  Weick_____ , PLAINTIFF(S),

V

_President and_____ , DEFENDANT(S)
_Fellows of Harvard College_

SUMMONS

THIS SUMMONS IS DIRECTED TO _President and Fellows of Harvard College_ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Middlesex Cty Superior_ Court. YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, _Superior_ Court, _200 Tradecenter Dr._ (address), by mail or in person, AND
    _Woburn, MA 01801_
    b.  Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: _20 University Rd. Suite 500, Cambridge, MA 02138_

3.  **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4    Legal Assistance.  You may wish to get legal help from a lawyer  If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5    Required information on all filings:  The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi Brieger, Chief Justice on _____, 20___

Michael A. Sullivan
Clerk-Magistrate

Note:  The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant

## PROOF OF SERVICE OF PROCESS

      I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____      _____

Dated: _____, 20___    Signature: _____

N.B.    TO PROCESS SERVER:

      PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

_____, 20___

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2581CV02269 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Weick, Anna vs. President and Fellows of Harvard College | Michael A. Sullivan, Clerk of Court Middlesex County |
|---|---|

| TO: Francis Joseph Bingham, Esq.<br>Bingham Hopkins LLC<br>20 University Rd<br>Suite 500<br>Cambridge, MA 02138 | COURT NAME & ADDRESS<br>Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                        **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 12/16/2025 | |
| Response to the complaint filed (also see MRCP 12) | | 01/15/2026 | |
| All motions under MRCP 12, 19, and 20 | 01/15/2026 | 02/17/2026 | 03/16/2026 |
| All motions under MRCP 15 | 01/15/2026 | 02/17/2026 | 03/16/2026 |
| All discovery requests **and depositions** served and non-expert depositions completed | 07/14/2026 | | |
| All motions under MRCP 56 | 08/13/2026 | 09/14/2026 | |
| Final pre-trial conference held and/or firm trial date set | | | 01/11/2027 |
| Case shall be resolved and judgment shall issue by | | | 09/17/2027 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 09/17/2025 | ASSISTANT CLERK Dia S Roberts-Tyler | PHONE (781)939-2745 |
|---|---|---|

Date/Time Printed: 09-17-2025 12:38:46                                                                SCV026\: 08/2015

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT

ANNA WEICK,

             Plaintiff

     v.

PRESIDENT AND FELLOWS OF
HARVARD COLLEGE,

          Defendant.

CIVIL ACTION NO. 2581CV02269

## PLAINTIFF'S FIRST SET OF INTERROATORIES
## TO DEFENDANT PRESIDENT AND FELLOWS OF HARVARD COLLEGE

Pursuant to Rules 26 and 33 of the Massachusetts Rules of Civil Procedure, Plaintiff

Anna Weick ("Named Plaintiff"), on behalf of herself and all others similarly situated (the

"Class"), hereby propounds the following set of interrogatories upon Defendant, President and

Fellows of Harvard College ("Defendant" or "Harvard" or "University"), and request that it

answer fully, in writing and under oath, within forty-five (45) days from the date of service.

## DEFINITIONS

Unless specifically indicated or otherwise required by the context in which the terms,

names, or instructions are used, the following definitions shall apply herein for the purposes of

these interrogatories.

    1.     These interrogatories incorporate the uniform definitions in discovery requests set

forth in Superior Court Rule 30A.

    2.     "Class" or "Class Members" means all former Harvard employees who were not

1

paid for their unused paid personal time when their employment at Harvard ended during the statutory period up to and including the present and continuing until Harvard changes its policy and begins paying personal time in accordance with the Wage Act or through the date of judgment in this matter.

3.     "Defendant" or "Harvard" refers to President and Fellows of Harvard College and its departments, colleges, agents, officers, employees, attorneys, representatives, and anyone acting or purporting to act under its control or on its behalf, including but not limited to Harvard University and the Harvard Corporation.

4.     The words "you," "your," and "yourself" shall refer to Defendant, and any agents, representatives, officers, or other persons or entities, including attorneys, acting, or purporting to act, on its behalf.

5.     With respect to persons, the word "identify" or the term "the identity of" shall mean, in addition to any other specifically requested information, the person's full name; title(s) and position(s); business address; business telephone number, residential address, personal telephone number; and email address(es).

6.     With respect to businesses, corporations, partnerships, associations, or other entities, the word "identify" or the term "the identity of" shall mean, in addition to any other specifically requested information, to provide the principal address, telephone number, and the name of a person to be contacted as that entity's representative.

7.     "Document[s]" shall have the broadest possible meaning ascribed to it under Rule 34 of the Massachusetts Rules of Civil Procedure, and includes, without limitation, electronically stored information (ESI), emails, text messages, policies, procedures, memoranda, contracts, and all other tangible or electronic writings, whether stored on paper, electronically, or otherwise.

8.     "Relating to" shall mean consisting of, referring to, reflecting, or in any way

2

logically or factually connected with the matter discussed. A document "related to" a given subject is any document identifying, showing, referring to, dealing with, evidencing, commenting upon, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting, or pertaining to that subject, including, without limitation documents referring to the presentation of other documents.

9.     "Policy" refers to any formal or informal rule, guideline, instruction, directive, procedure, practice, or standard, whether written or unwritten, issued or adopted by Defendant.

## INSTRUCTIONS

1.     If Defendant contends that any requested information is protected from disclosure by privilege or otherwise, identify the information, the privilege claimed, and the basis for the claim of privilege.

2.     These interrogatories are continuing, and if additional responsive information comes into Defendant's possession, custody, or control after the date these interrogatories are answered, Defendant must promptly update its response.

3.     The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to fall outside its scope.

4.     The singular form of a word shall include the plural, and vice versa, as necessary to bring within the scope of the request all responses that might otherwise be construed to fall outside its scope.

5.     Undefined terms shall be interpreted according to their plain and ordinary meaning.

3

6.      These interrogatories require you to provide all information in your possession, custody, or control, including information in the possession of your attorneys, agents, managers, representatives, and any other person acting on your behalf.

7.      Any objections to these interrogatories must state the specific grounds for the objection. If an objection is based on relevance, burden, or proportionality, you must provide all information that is not subject to the objection.

8.      Information in the possession of third parties over whom you have control, or who are acting on your behalf, must be provided.

9.      Where knowledge or information in the possession of a party is requested, such request includes knowledge of, or information obtained by, the party's agents, representatives, and, unless privileged, the party's attorney(s).

10.     These interrogatories are continuing in nature so as to require you to provide supplemental answers if you obtain further or different information before trial.

11.     These instructions are not intended to limit or waive any rights of the requesting party to obtain discovery of information under applicable rules, nor are they intended to imply that the responding party may withhold information that is otherwise discoverable.

## INTERROGATORIES

1.      Please identify each and every individual answering or assisting Defendant in answering these interrogatories.  For each individual identified, please specify the individual's full name, title(s), their employer, dates of employment, last known address, personal phone number, and email address(es).

2.      Please identify each and every individual who meets the definition of the Class set forth above.  For each Class Member identified, please specify the individual's full name, title(s),

4

dates of employment, last known address, personal phone number, email address(es), and the specific school or department in which they worked upon termination of employment.

3.      Please identify the individual(s) in Harvard's central administration who are responsible for maintaining and enforcing the University's policies and practices relating to the use of personal time.

4.      Please identify the individual(s) in each of Harvard's schools (Harvard College, the twelve graduate and professional schools, and the Radcliff Institute for Advanced Study) who are responsible for maintaining and enforcing each school's policies and practices relating to the use of personal time

5.      Please identify the individual(s) in Harvard's central administration who are responsible for maintaining and enforcing the University's policies relating to the payment of personal time upon termination of employment.

6.      How long has Harvard offered paid personal time to employees, as set forth in the Paid Time Off & Leaves policy published at https://hr.harvard.edu/paid-time-leaves?

7.      For each of the past ten fiscal years, how much would Harvard have paid to departing employees if it had a policy of paying for their accrued but unused personal time upon termination?

8.      Please identify each and every employee of Defendant in Massachusetts who has made an informal or formal complaint, whether internally within Defendant's organization, with the Massachusetts Office of the Attorney General or U.S. Department of Labor or any other governmental agency, or through a lawsuit filed in court, within the last five (5) years, regarding the payment of personal time upon termination of employment. For each individual identified, please specify the individual's full name, title(s), dates of employment, business address, business phone number, last known address, personal phone number, and email address(es).

5

9.    Please identify each and every individual who has given, or provided, statements, declarations, or affidavits for Defendant in this matter, whether written or oral, signed or unsigned, indicating for each the date on which such statements, declarations, or affidavits were given, and the person in custody of said statements. For each individual identified, please specify the individual's full name, title(s), their employer, dates of employment, last known address, personal phone number, and email address(es).

10.    For each person whom you expect to call as an expert witness on your behalf at trial in this action, please identify the expert's full name, business address, telephone number, profession, professional or educational background, areas of expertise, the subject matter on which the expert is expected to testify, and a summary of the basis of each opinion of the expert.

11.    Please identify each and every individual whom Defendant intends to call as a witness at trial and give a summary of their anticipated testimony. For each individual identified, please specify the individual's full name, title(s), their employer, dates of employment, last known address, personal phone number, and email address(es).

12.    Please identify each and every individual who, to your knowledge, has information and/or testimony concerning the claims and defenses in this case. For each individual identified, please specify the individual's full name, title(s), their employer, dates of employment, last known address, personal phone number, and email address(es).

13.    Please identify each and every policy of insurance, including but not limited to umbrella and/or excess insurance policies currently in affect, including in your answer the name and address of the insurance company, the policy number, and amounts of coverage applicable.

6

Respectfully submitted,

ANNA WEICK, individually and for all
others similarly situated,

By her attorneys,


*/s/ Francis J. Bingham*
Francis J. Bingham (BBO No. 682502)
Brook Hopkins (BBO No. 683871)
Bingham Hopkins LLC
20 University Road, Suite 500
Cambridge, MA 02138
Telephone: (617) 798-2302
Francis.Bingham@binghamhopkins.com
Brook.Hopkins@binghamhopkins.com

*/s/ Raymond Dinsmore*
Raymond Dinsmore, Esq. (BBO No. 667340)
Richard E. Hayber, Esq. (BBO No. 569131)
Ryan B. Guers, Esq. (BBO No. 713870)
Hayber, McKenna, & Dinsmore, LLC
One Monarch Place, Suite 1340
Springfield, MA 01144
Telephone: (413) 785-1400
rdinsmore@hayberlawfirm.com
rhayber@hayberlawfirm.com
rguers@hayberlawfirm.com

Dated: September 24, 2025

7

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS
SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT

ANNA WEICK,

      Plaintiff

   v.

PRESIDENT AND FELLOWS OF
HARVARD COLLEGE,

      Defendant.

CIVIL ACTION NO. 2581CV02269

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PRESIDENT AND FELLOWS OF HARVARD COLLEGE

Pursuant to Rules 26 and 34 of the Massachusetts Rules of Civil Procedure, Plaintiff Anna Weick ("Named Plaintiff"), on behalf of herself and all others similarly situated (the "Class"), submits the following as her First Request for Production of Documents directed to Defendant President and Fellows of Harvard College ("Defendant" or "Harvard" or "the University"). Defendant is directed to produce the following documents upon the attorneys for the Named Plaintiff within thirty (30) days after service of these First Requests for Production of Documents.

## DEFINITIONS

Unless specifically indicated or otherwise required by the context in which the terms are used or the requests are made, the following definitions shall apply for the purposes of these discovery requests.

1.    These requests incorporate the uniform definitions in discovery requests set forth

in Superior Court Rule 30A.

2.    "Class" or "Class Members" means all former Harvard employees who were not paid for their unused paid personal time when their employment at Harvard ended during the statutory period up to and including the present and continuing until Harvard changes its policy and begins paying personal time in accordance with the Wage Act or through the date of judgment in this matter.

3.    "Defendant" or "Harvard" refers to President and Fellows of Harvard College and its departments, colleges, agents, officers, employees, attorneys, representatives, and anyone acting or purporting to act under its control or on its behalf, including but not limited to Harvard University and the Harvard Corporation.

4.    The words "you," "your," and "yourself" shall refer to Defendant, and any agents, representatives, officers, or other persons or entities, including attorneys, acting, or purporting to act, on its behalf.

5.    The words "possession," "custody," or "control" shall mean documents within the actual possession, custody, or control of the University, as well as documents not in the University's, actual possession, custody, or control, but which the University has a right to obtain.

6.    "Relating to" shall mean consisting of, referring to, reflecting, or in any way logically or factually connected with the matter discussed.  A document "related to" a given subject is any document identifying, showing, referring to, dealing with, evidencing, commenting upon, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting, or pertaining to that subject, including, without limitation documents referring to the presentation of other documents.

7.     With respect to persons, the word "identify" or the term "the identity of" shall mean, in addition to any other specifically requested information, the person's full name; title(s) and position(s); business address; business telephone number, residential address, personal telephone number; and email address(es).

8.     With respect to businesses, corporations, partnerships, associations, or other entities, the word "identify" or the term "the identity of" shall mean, in addition to any other specifically requested information, to provide the principal address, telephone number, and the name of a person to be contacted as that entity's representative.

9.     "Document[s]" shall have the broadest possible meaning ascribed to it under Rule 34 of the Massachusetts Rules of Civil Procedure, and includes, without limitation, electronically stored information (ESI), emails, text messages, policies, procedures, memoranda, contracts, and all other tangible or electronic writings, whether stored on paper, electronically, or otherwise.

10.    "Policy" refers to any formal or informal rule, guideline, instruction, directive, procedure, practice, or standard, whether written or unwritten, issued or adopted by Defendant.

**INSTRUCTIONS**

1.     Unless otherwise specified, each request is for all documents in the University's, possession, custody, or control. Defendant shall produce, in response to these requests, all responsive documents in its possession, custody, or control, including, without limitation, all documents in the possession, custody, or control of its agents, employees, representatives, principals, accountants, or attorneys, to the extent such documents are not privileged or properly designated as an attorney's work product.

2.     If Defendant cannot produce any document, or any part of any document, requested because such document, or part of such document, has been lost, destroyed, or

transferred to the possession, custody, or control of another person who is not subject to its control, the University shall: (a) identify the document or documents; (b) identify the contents of the document; (c) identify the document's author or creator; (c) identify the reason why the document cannot be produced.

3.    These document requests are of a continuing nature and to the extent that Defendant may obtain additional documents responsive to these requests, Defendant shall promptly, and without additional request, supplement its answer and provide the documents.

## DOCUMENTS REQUESTED

1.    The complete personnel file and payroll and time records for the Named Plaintiff.

2.    The final pay statement and pay stub for every Class Member.

3.    All handbooks, policies, practices, procedures, or training materials of any kind relating to the conditions under which Class Members may use personal time.

4.    All handbooks, policies, practices, procedures, or training materials of any kind provided to employees relating to the use of personal time.

5.    All handbooks, policies, practices, procedures, or training materials of any kind provided to department leaders or other managers relating to the use of personal time.

6.    All iterations of the following urls: https://seas.harvard.edu/office-human-resources/total-rewards-benefits; https://hr.harvard.edu/paid-time-leaves; https://biostatstravel.hsph.harvard.edu/adding-personal-days-business-travel; https://hsph.harvard.edu/office/human-resources/benefits-perks/; and https://hls.harvard.edu/staff-dashboard/human-resources/resources-for-employees/benefits-for-hls-employees/.

- 4 -

7.    All Harvard Law School-specific handbooks, policies, practices, procedures, or training materials of any kind provided to employees relating to the use of personal time.

8.    All Harvard Law School-specific handbooks, policies, practices, procedures, or training materials of any kind provided to department leaders or other managers.

9.    For the period between June 20, 2024 and June 20, 2025, all email correspondence to or from any Human Resources employee with any of the following terms or phrases in the subject line or body: "personal time," "personal days," or "personal day."

10.    For the period between June 20, 2024 and June 20, 2025, all email correspondence to or from any employee in Harvard Law School who directly supervises one or more employees with any of the following terms or phrases in the subject line or body: "personal time," "personal days," "personal day," or "vacation."

11.    Documents sufficient to identify the financial cost to Defendant, in each of the past ten years, of a policy under which Defendant had paid departing employees for the value of their unused paid personal time.

12.    Any and all complaints that Defendant received from employees, whether such complaints were made internally, with the Massachusetts Office of the Attorney General or U.S. Department of Labor or any other governmental agency, or through a lawsuit filed in court within the last five (5) years, relating to the use of personal time.

13.    All correspondence to or from Defendant's central administration in the past five years relating to the payment of personal time upon termination of employment.

14.    Any and all complaints that Defendant received from employees, whether such complaints were made internally, with the Massachusetts Office of the Attorney General or U.S. Department of Labor or any other governmental agency, or through a lawsuit filed in court

within the last five (5) years, relating to the payment of personal time upon termination of employment.

15.      To the extent you contend that class certification is not appropriate, produce all documents relating to that contention, including, but not limited to, any and all evidence on the issue of liability that is individualized in nature (i.e., not general proof) and/or that the claims in the Complaint do not present common issues of fact and law. This request includes any documents that tend to support or undermine your contention that class certification is not appropriate.

16.      Any and all insurance policies applicable to Plaintiff's claims.

17.      Any and all documents Defendant contends support its Affirmative Defenses.

18.      Any and all statements – including, without limitation, affidavits, declarations, or other statements – of any person obtained by Defendant in connection with this matter.

19.      Any and all résumés or curriculum vitae for each person whom you expect to call as an expert witness on your behalf at trial in this action.

20.      Any and all documents identified in response to Plaintiffs' First Set of Interrogatories.

21.      Any and all documents you have received from any non-party individual or entity related to the Named Plaintiff and the allegations contained in the Complaint, and/or your Answer and Affirmative Defenses.

22.      Any and all documents you intend to introduce in the trial of this matter.

23.      Any and all other documents, not already provided, that relate in any way to the claims or defenses in this case.

Date Filed 9/17/2025 1:12 PM
Superior Court - Middlesex
Docket Number 2581CV02269

3

H

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT

ANNA WEICK,

          Plaintiff

    v.

PRESIDENT AND FELLOWS OF HARVARD
COLLEGE,

          Defendant.

CIVIL ACTION NO. 2581CV02269

**RECEIVED**

**09/17/25**

## PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL PROCES SERVER

Plaintiff Anna Weick, by and through undersigned counsel, respectfully moves this Honorable Court to appoint The Constable Offices of Desrosiers & Associates, LLC as a Special Process Server in the above-captioned matter for the purpose of serving the complaint and summons on the Defendant, President and Fellows of Harvard College. As grounds for this motion, the plaintiff states as follows:

1.    Massachusetts Rule of Civil Procedure 4(c) provides that service of process may be made by a person specially appointed by the court for that purpose.

2.    The Constable Offices of Desrosiers & Associates, LLC is a competent, qualified process server and is experienced in effectuating service of process in compliance with applicable laws and court rules.

09-17-25
*(date)*

allowed _Allowed_ , Motion denied
Attest: _Abernard_

_Asst. Clerk._

JB