IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNA WEICK and IRA STOLL,<br><br>    Plaintiffs, on their own behalf and on behalf of all others similarly situated,<br><br>    v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>    Defendant. | Civil Acton No. 1:25-cv-13123-AK<br><br>**Filed as of right under Fed. R. Civ. P. 15(a).** |

## FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND

## OVERVIEW

1. Massachusetts employers must pay their employees all wages, including the cash value of their accrued but unused vacation time, upon separation from employment. *See* M.G.L. c. 149 § 148. Vacation time is considered a "wage" for purposes of the Massachusetts Wage Act because "it can be used for time away from work for any reason." *Tze-Kit Mui v. Mass. Port Auth.*, 478 Mass. 710, 713 (2018) (contrasting vacation time with other forms of paid time off, such as "sick time," that are not considered "wages" because their "usage is conditional.") The President and Fellows of Harvard College ("Harvard") maintains a policy and practice of providing certain employees with paid time off designated as "personal time" which can be used for time away from work for any reason. However, Harvard does not pay employees for their unused personal time upon separation from employment as required by the Wage Act. As a result, Harvard has kept for itself millions of dollars that should have been paid to its former employees as wages.

2. This action is brought by two former Harvard employees who were deprived of their unused paid personal time upon termination of employment in violation of the Wage Act. Plaintiffs, on their own behalf and on behalf of all similarly situated former employees, seek compensation for their unpaid personal time wages in violation of the Massachusetts Wage Act, statutory enhancement of damages for the late payments, attorneys' fees and costs, and injunctive relief.

## PARTIES

3. Anna Weick ("Ms. Weick") is a resident of Ashburnham, Massachusetts, who was employed at Harvard University from August 23, 2021 to June 20, 2025.

4. Ira Stoll ("Mr. Stoll") is a resident of West Roxbury, Massachusetts, who was employed at Harvard University from January 2019 to July 22, 2023.

5. Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated, pursuant to M.G.L. c. 149 § 150 and Mass R. Civ. P. 23. Ms. Weick and Mr. Stoll seek to represent a class of former employees of Harvard University whose employment ended in the statutory period and were not paid for their unused personal time.

6. The President and Fellows of Harvard College ("Harvard") is the governing body of Harvard University, an institution of higher education located in Cambridge, Massachusetts.

## JURISDICTION AND VENUE

7. This Court lacks subject matter jurisdiction and should remand the case to Middlesex County Superior Court, which has jurisdiction because Plaintiffs are likely to recover more than $50,000 for themselves and the proposed class. There is no diversity jurisdiction because all parties are residents of or located in Massachusetts. There is no federal question jurisdiction because this complaint raises only questions of Massachusetts law. Plaintiffs' state law

claims are not preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, because Ms. Weick's and Mr. Stoll's claims turn on Harvard's uniform Human Resources paid-time off policy and Harvard's consistent practice of withholding payment of accrued personal days upon termination. Their claims do not require interpretation of a collective bargaining agreement.

8. Pursuant to the Massachusetts Wage Act, Ms. Weick and Mr. Stoll filed complaints with the Massachusetts Attorney General and obtained a private right of action.

9. M.G.L. c. 149, § 150 authorizes an individual aggrieved by a violation of the Wage Act to file a civil action in court on her own behalf and for others similarly situated.

10. The appropriate venue is Middlesex County Superior Court pursuant to M.G.L. c. 223, § 1 and 2 because Harvard University is located in Middlesex County and because the acts that gave rise to this dispute took place in Middlesex County.

## FACTUAL ALLEGATIONS

11. Ms. Weick was employed by Harvard University from August 23, 2021, until her employment ended on June 20, 2025.

12. Mr. Stoll was employed by Harvard University from January 2019 to July 22, 2023.

13. At the beginning of every year, including 2025, Plaintiffs earned three paid personal days, the equivalent of 21 hours, to be used at their discretion or forfeited at the end of the year.

14. Under Harvard's policy and practice, paid personal time may be used for any purpose and is not connected to any specific contingencies, such as sickness, bereavement, jury duty, or similar issues.

15. Plaintiffs and other similarly situated employees are not required to document or prove an approved reason for the use of personal time, as with sick time. Instead, as with vacation time, personal time "can be used for time away from work for any reason."

16. Neither Harvard nor Plaintiffs' supervisors put any restrictions on the purpose for which they could use personal time. Plaintiffs' supervisors never denied any request to use personal time.

17. Ms. Weick used her personal time for a variety of reasons, including to take or extend vacations. For example, on Friday November 12, 2021, Ms. Weick used personal time to spend a long weekend in the Hudson Valley. And in July of 2022, Ms. Weick used personal time to extend the Fourth of July holiday so she could travel to Chicago to visit her brother. Similarly, in June of 2023, she combined her personal time with her vacation time to spend the week in Martha's Vineyard. Ms. Weick also used her personal time to rest her foot after an injury and to assist community members on Election Day.

18. Mr. Stoll similarly could use his personal time for a variety of reasons and does not recall any conditions imposed on him in his use of such time.

19. According to Harvard's Human Resources website, personal time is offered for the purpose of providing "additional flexibility in balancing work and life." https://hr.harvard.edu/paid-time-leaves.

20. Harvard's Human Resources website also states that its "paid time off policies," including its personal time policy, applies to "administrative and professional staff; overtime eligible, non-bargaining unit staff; and employees covered by HUCTW." https://hr.harvard.edu/paid-time-leaves.

21. Ms. Weick was a member of the HUCTW union. Mr. Stoll was part of Harvard's professional staff but not part of any union. Accordingly, Harvard's Human Resources paid time off policy applied to them.

22. Upon termination, Ms. Weick had 280 hours of accrued paid vacation time and 21 hours of accrued paid personal time. Mr. Stoll had 186.72 hours of accrued paid vacation time and 21 hours of accrued paid personal time.

23. Ms. Weick received her final payment from Harvard on June 20, 2025. Harvard paid Ms. Weick for her accrued paid vacation time but, consistent with its uniform policy, did not pay her for her accrued paid personal time. Instead, Harvard kept the money equivalent of that paid personal time for itself.

24. Mr. Stoll received his final payment from Harvard on July 28, 2023. Harvard paid Mr. Stoll for his accrued paid vacation time but, consistent with its uniform policy, did not pay him for his accrued paid personal time. Instead, Harvard kept the money equivalent of that paid personal time for itself.

25. Harvard had and continues to have a policy and practice of withholding payment of wages for unused paid personal time at the end of employment.

26. By withholding payment of accrued paid personal time wages at the end of employment, Harvard deprived Plaintiffs and other similarly situated former employees of their wages under M.G.L. c. 149 § 148.

27. Pursuant to M.G.L. c. 149 § 150, Ms. Weick and Mr. Stoll filed complaints with the Office of the Massachusetts Attorney General, which subsequently issued letters authorizing them to bring a private action.

## CLASS ALLEGATIONS

28. Plaintiffs bring this action on behalf of themselves and other former Harvard employees who are similarly situated to them ("Unpaid Personal Time Class").

29. The Unpaid Personal Time Class is defined as: All former Harvard employees who were not paid for their unused paid personal time when their employment at Harvard ended during the statutory period up to and including the present and continuing until Harvard changes its policy and begins paying personal time in accordance with the Wage Act or through the date of judgment in this matter.

30. Pursuant to M.G.L. c. 149 § 150, Plaintiffs are similarly situated to the members of the Unpaid Personal Time Class because they were subject to Harvard's policy and practice of withholding payment of unpaid personal time wages at the end of employment.

31. Although not all Harvard employees received paid personal time as a benefit of employment, the employees who receive it are uniformly denied payment of those wages upon termination under Harvard's Human Resources paid time off policy.

32. The scope of the class can be easily and objectively discerned through Harvard's personnel and pay records.

33. The proposed class Plaintiffs seek to represent satisfies the requirements of Rule 23 of the Massachusetts Rules of Civil Procedure.

34. The Unpaid Personal Time Class is so numerous that joinder of all members is impracticable. Upon information and belief, there are dozens if not hundreds of former employees whose employment at Harvard ended without payment of accrued personal time wages. It would be impracticable to enlist every former Harvard employee whose personal time wages were withheld to join this lawsuit on an individual basis.

35. There are questions of law and fact common to the class. Plaintiffs and the other class members were all subject to the same unlawful practice, which resulted in the withholding of unpaid personal time wages in violation of M.G.L. c. 149 § 148.

36. Plaintiffs' claims, as the representative plaintiffs, is typical of the claims of the class as a whole because they and members of the proposed class were subject to the same Human Resources paid time off policy of withholding personal time wages at the end of employment.

37. Plaintiffs will fairly and adequately protect the interests of the class. They have retained attorneys who are qualified and experienced to effectively represent the class's interests.

38. Questions of law or fact common to the Unpaid Personal Time Class predominate over questions affecting only individual members, including whether Harvard's withholding of personal time wages at the end of employment violates the Wage Act.

39. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Given the common questions of law and fact involved in the personal time wage practice at issue, the aggregation of individual claims into a class action is far superior to, and more efficient than, requiring individuals to litigate claims in separate lawsuits. Bringing this action as a class action will also prevent duplicative lawsuits being filed in other courts, which would impose an unnecessary burden on the court system as a whole.

## COUNT I

## VIOLATION OF M.G.L. C. 149 § 148 (THE MASSACHUSETTS WAGE ACT)

40. Plaintiffs incorporate the foregoing allegations by reference.

41. Massachusetts General Laws chapter 149 § 148 requires that "any employee leaving his employment shall be paid in full on the following regular pay day, and, in the absence of a regular pay day, on the following Saturday; and any employee discharged from such employment shall be paid in full on the day of his discharge." Section 148 does not define "wages"

but does specify that they include any "holiday or vacation payments due to an employee under an oral or written agreement."

42. Any qualifying wages that are not paid according to § 148 are deemed late and subject to treble damages under M.G.L. c. 149 §150.

43. Massachusetts courts have recognized that paid time off, personal days, and other paid time off benefits similar to vacation are considered wages that must be paid upon termination of employment.

44. Unlike sick time, personal time is considered a wage because, like vacation time, it "can be used for time away from work for any reason." *Tze-Kit Mui v. Mass. Port Auth.*, 478 Mass. 710, 713 (2018).

45. When their employment ended, Plaintiffs had accrued unused paid personal days. In their last paychecks, Plaintiffs received wages from their unused vacation time, but they did not receive wages for their unused personal time in violation of § 148.

46. Pursuant to its policy and practice, Harvard also did not pay other members of the Unpaid Personal Time Class for their accrued personal time wages upon termination. Instead, Harvard withheld those wages for its own coffers.

47. Harvard's practice of refusing to pay for personal time wages at the end of employment violates the Wage Act. Those personal time wages remain unpaid and are, accordingly, outstanding late wage payments under the Wage Act.

48. Plaintiffs and the other Unpaid Personal Time Class members are entitled to payment of their unpaid personal time wages in addition to treble damages as liquidated damages for violating the Wage Act as described above.

49. Plaintiffs bring this claim individually and for all others similarly situated pursuant to M.G.L. c. 149, §§ 148, 150, and Mass R. Civ. P. 23.

**WHEREFORE**, Plaintiffs request that the Court remand this matter to the Middlesex Superior Court based on lack of federal jurisdiction, or, in the alternative, enter judgment against Defendant President and Fellows of Harvard College, and award the following relief:

1. Certify this action as a class action pursuant to Mass. R. Civ. P. 23;
2. Appoint the plaintiffs and the undersigned counsel as class representatives for the Unpaid Personal Time Class;
3. Award Plaintiffs and all others similarly situated the full amount of their accrued paid personal time wages;
4. Award treble damages for all late personal time wages;
5. Award pre- and post-judgment interest, to the extent appropriate;
6. Award attorneys' fees and costs;
7. Award Plaintiffs a service award;
8. Issue a preliminary and permanent injunction prohibiting Harvard from continuing its unlawful practice of withholding personal time wages at the end of employment; and
9. Any such other relief that the Court deems just.

## **JURY DEMAND**

Plaintiffs, on behalf of themselves and others similarly situated, demand a trial by jury.

                Respectfully submitted,

                ANNA WEICK and IRA STOLL, individually and for all others similarly situated,

                By their attorneys,

                */s/ Raymond Dinsmore*
                Raymond Dinsmore, Esq. (BBO No. 667340)
                Richard E. Hayber, Esq. (BBO No. 569131)
                Ryan B. Guers, Esq. (BBO No. 713870)
                Hayber, McKenna, & Dinsmore, LLC
                One Monarch Place, Suite 1340
                Springfield, MA 01144
                Telephone: (413) 785-1400
                rdinsmore@hayberlawfirm.com
                rhayber@hayberlawfirm.com
                rguers@hayberlawfirm.com

                */s/ Francis J. Bingham*
                Francis J. Bingham (BBO No. 682502)
                Brook Hopkins (BBO No. 683871)
                (application for admission pending)
                Bingham Hopkins LLC
                20 University Road, Suite 500
                Cambridge, MA 02138
                Telephone: (617) 798-2302
                Francis.Bingham@binghamhopkins.com
                Brook.Hopkins@binghamhopkins.com

Dated: October 29, 2025

## CERTIFICATE OF SERVICE

I, Raymond Dinsmore, hereby certify that on October 30, 2025, a true copy of the above document was electronically filed through the Court's ECF system, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Raymond Dinsmore*
Raymond Dinsmore
