IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNA WEICK and IRA STOLL,<br><br>   Plaintiffs, on their own behalf and on behalf of all others similarly situated,<br><br>  v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>   Defendant. | Civil Action No. 1:25-cv-13123-AK |

## DEFENDANT PRESIDENT AND FELLOWS OF HARVARD COLLEGE'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant President and Fellows of Harvard College ("Harvard" or "Defendant") hereby moves to dismiss the Amended Complaint filed by Plaintiffs Anna Weick ("Weick") and Ira Stoll ("Stoll") (collectively, "Plaintiffs") because Weick's claim under the Massachusetts Wage Act is preempted by Section 301 of the Labor Management Relations Act (29 U.S.C. § 185) and the Amended Complaint fails to state a claim upon which relief can be granted because personal time is not a wage covered by the Wage Act.

As set forth in the accompanying Memorandum of Law, Weick's claims turn on rights and obligations contained in a collective bargaining agreement (the "CBA"), and any determination as to whether Weick was paid all wages owed to her under the Wage Act necessarily requires an interpretation of the CBA. Therefore, her Wage Act claim is preempted by federal labor law. To the extent that Weick believed she was not paid for all wages owed, her recourse was a grievance pursuant to the grievance and arbitration provisions of the CBA. As she failed to exhaust that process, she cannot pursue a claim under Section 301 in court.

321866819v.1

Notwithstanding the preemption of Weick's claim, the Amended Complaint fails to state a claim because Plaintiffs' personal time was not a wage under the Wage Act. The plain language of the statute undermines Plaintiffs' claim that unused personal time must be paid upon termination. While Plaintiffs imply that their personal time was akin to vacation time, they admit in their Amended Complaint that Harvard maintained a separate and distinct vacation time policy and that the University paid out all of their unused accrued vacation time upon their termination. As the Plaintiffs' allotments of personal time and vacation time were clearly distinguishable, their personal time was not a wage under the Wage Act and it was not payable upon termination.

Accordingly, Harvard respectfully requests that this Court dismiss the Plaintiffs' Amended Complaint in its entirety with prejudice and grant such other and further relief as the Court deems just and proper.

DATED: November 13, 2025

Respectfully submitted,

PRESIDENT AND FELLOWS OF
HARVARD COLLEGE,

By its Attorneys:

By: */s/ Molly C. Mooney*
Robert A. Fisher (BBO# 643797)
rfisher@seyfarth.com
Barry J. Miller (BBO#: 661596)
bmiller@seyfarth.com
Molly C. Mooney (BBO# 687812)
mmooney@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210-2028
Telephone:   (617) 946-4800
Facsimile:    (617) 946-4801

321866819v.1

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I hereby certify pursuant to Local Rule 7.1(a)(2) that on November 13, 2025, I conferred in good faith with counsel for Plaintiffs by video conference in order to resolve or narrow the issues presented by this motion. Plaintiffs intend to oppose this Motion.

*/s/ Molly C. Mooney*
Molly C. Mooney

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2025, I filed and served this document through the electronic filing system on the following parties:

Francis J. Bingham
Francis.bingham@binghamhopkins.com
Brook Hopkins
Brook.hopkins@binghamhopkins.com
Bingham Hopkins LLC
20 University Road, Suite 500
Cambridge, MA 02138

Raymond Dinsmore, Esq
rdinsmore@hayberlawfirm.com
Richard E. Hayber, Esq
rhayber@hayberlawfirm.com
Ryan B. Guers, Esq.
rguers@hayberlawfirm.com
Hayber, McKenna, & Dinsmore, LLC
One Monarch Place, Suite 1340
Springfield, MA 01144

*/s/ Molly C. Mooney*
Molly C. Mooney

321866819v.1